Case 4:08-cv-00635-DPM   Document 1   Filed 07/28/08   Page 1 of 7

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUL 28 2008

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

FRED WEATHERSPOON                                                                 PLAINTIFF

VS.                                                         4·08-CV-0635 JLH

BOARD OF TRUSTEES OF THE UNIVERSITY
OF ARKANSAS; GOVERNING BOARD OF THE
UNIVERSITY OF ARKANSAS AT PINE BLUFF
("UAPB"); DR. LAWRENCE A. DAVIS, JR.,
Individually, and in his official capacity; and                                   DEFENDANT
ELBERT BENNETT, individually and in his official
capacity.

This case assigned to District Judge Holmes
and to Magistrate Judge _____

## COMPLAINT

Comes the plaintiff, and for his Complaint against the Defendants, states:

1. Plaintiff is a resident of Columbia County, Arkansas, having been employed in Columbia County, Arkansas as a police officer. Plaintiff is a black male.

2. Defendant Board of Trustees at the University of Arkansas ("Trustees") is the governing board of the University of Arkansas. UAPB is an institution of higher learning, affecting commerce and employing at least 50 employees, located within Pine Bluff, Arkansas. UAPB, as well as the University of Arkansas, is an instrumentality of the State of Arkansas.

3. Defendant Dr. Lawrence A. Davis, Jr. ("Davis") has at all relevant times been the Chancellor of UAPB, and is in charge of UAPB's general administration, including policies and determinations regarding hiring, discipline, and advancement of employees.

4. Defendant Elbert Bennett ("Bennett") is the Vice Chancellor at UAPB, assisting the Chancellor in UAPB's administration, including supervising the operation of the UAPB Police and other university departments.

4. Defendant Elbert Bennett ("Bennett") is the Vice Chancellor at UAPB, assisting the Chancellor in UAPB's administration, including supervising the operation of the UAPB Police and other university departments.

5. This action is one alleging violations of Title VII of the Civil Rights Act of 1964 and the amendments thereto, the same being 42 U.S.C. §2000e *et seq.* (hereinafter referred to as "Title VII") as pertains to discrimination based upon sex, and retaliation, as prohibited by 42 U.S.C. § 1981 and 1983, et seq. Further, this matter involves violations of the Arkansas Civil Rights Act, which is codified at A.C.A. § 16-123-101, et seq.

6. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §1131 and 28 U.S.C. 1332. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. 1367.

**Factual Allegations**

7. Plaintiff was employed by UAPB as their Chief of Police, from April 1, 2005 until his wrongful termination on or around May 1, 2007. Before serving in this capacity, he was briefly employed by UAPB as the Director of Public Safety in 2001, a position he voluntarily resigned.

8. In 2001, Plaintiff wrote and submitted a statement in support of the claims of Irene Soote, an employee of UAPB who was charging violations of Title VII to the EEOC. Defendants Davis and Bennett were aware of this statement, and disapproved.

9. In 2005, Plaintiff wrote and submitted a statement of support of the claims of Alfonso Davenport, a UAPB public safety officer who was charging violations of Title VII to the EEOC. Defendants Davis and Bennett also became aware of this statement.

10. Plaintiff's actions in Paragraphs 8 and 9 were federally protected activities under

the provisions of Title VII.

10. Donnie Ray Savage ("Savage"), was at all relevant times an independent contractor hired by UAPB to perform security guard services, despite having previously lost a job with UAPB following an arrest for over 25 felony counts stemming from illegal misuse of UAPB private databases. On April 18, 2007, Savage initiated a violent physical altercation with one of Plaintiff's officers, outside the UAPB Police Station. Plaintiff observed this altercation, and exercised his duty to make a mandatory arrest. As he attempted to intervene and subdue Savage, he was assaulted before finally completing a custodial arrest. Plaintiff suffered severe injuries as a result.

11. At the request of Defendants Davis and Bennett, Plaintiff released Savage on his own recognizance, and informed Defendants that standard police procedure required him to report the assault to the Pine Bluff Police Department ("PBPD"), so that PBPD could initiate their own investigation and arrest.

12. Davis and Bennett made numerous contacts with Plaintiff over the following days, each time demanding that Plaintiff refrain from making any written record of the incident, and to refrain from making a report to PBPD. On or around April 20, 2007, Plaintiff exercised his sworn legal duty as law enforcement by filing the reports against Defendants' wishes. When Davis asked Plaintiff to withdraw the reports, Plaintiff refused.

13. On April 23, 2007, Plaintiff was suspended by letter from Bennett, confirmed by later letter from Davis. Bennett's letter cited "insubordination" as the reason for the suspension. On May 1, 2007, Defendants orally terminated Plaintiff. Appeal was denied because of insubordination's classification as being "for cause" by University Board Policy 405.4. A less severe disciplinary action was not discussed.

14. Defendant's proffered reason for Plaintiff's termination, subordination, was pretext for Defendants' discriminatory intent to retaliate against Plaintiff for exercising his federally protected rights outlined in Paragraphs 8 and 9, in violation of the anti-retaliation provisions of title VII.

15. During the course of Plaintiff's employment, Cynthia Bennett and Lilia O'Neill, two female UAPB employees, were separated after engaging in a lengthy physical altercation on campus, in view of countless students and others. Both women were suspended, but neither was terminated.

16. Also during the course of Plaintiff's employment, Felicia Parks and Betty Griffin, two female UAPB employees, were each caught misusing or stealing UAPB property, in separate events. Both women were suspended, by neither was terminated.

17. The conduct committed in Paragraphs 14 and 15 was criminal, and therefore were "for cause" justifications for termination as defined by provision 405.4 of the Board Policies. Despite displaying similar conduct under Board Policies, disparate and more lenient discipline was given to the female employees in question, as opposed to the severe action taken against Plaintiff, a male employee.

18. The disparate treatment constituted discrimination on the basis of sex, which is prohibited by Title VII.

19. Following Plaintiff's termination, he filed a complaint with EEOC based upon Title VII. EEOC thereafter issued a "Right to Sue" letter, a copy of which is attached hereto as Exhibit "A" and contained herein as if set forth word for word.

**Violations of Law**

20. At all relevant times, Plaintiff was a protected person under Title VII. Further, at all times herein, Title VII was in full force and effect. Defendant subjected Plaintiff to illegal disparate treatment in the terms and conditions of Plaintiff's employment, in that Plaintiff was treated more severely than female employees who were similarly situated. Further, Defendants illegally retaliated against Plaintiff, by considering his exercise of federally protected rights as a motivating factor in his termination. As a result of this discrimination and the resulting termination, Plaintiff suffered injury as described below.

21. At all relevant times, Arkansas had in full force and effect, the Arkansas Civil Rights Act, which prohibits persons from discriminating against their employees on the basis of race and sex. That the defendants, as set forth above, violated the rights of the plaintiff as guaranteed by the Arkansas Civil Rights Act, causing the damages to the plaintiff as set forth hereafter.

**Prayer for Relief.**

22. As relief for the above described violations, Plaintiff requests that this Court:

a. Grant a declaratory judgment that the actions taken against Plaintiff were discriminatory based on sex in violation of the Arkansas Civil Rights Act, Title VII, 42 U.S.C. §1981 and 1983; were in violation of Plaintiff's constitutional rights, and constituted wrongful termination and were in retaliation for having exercised a federally protected right(s);

b. Award Plaintiff back pay, compensatory damages, pre-judgment interest, post-judgment interest, punitive damages, attorneys' fees, costs, and other such sums as will make him whole for the unlawful and unconstitutional actions against him;

    c.    Award Plaintiff compensatory damages for pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life due to the illegal acts taken against him;

    d.    Award Plaintiff punitive damages for malice and reckless indifference to his federally and state protected rights;

    e.    Reinstate Plaintiff to his position with all benefits reinstated;

    f.    Grant Plaintiff a trial by jury.

Respectfully Submitted,

**Chisenhall, Nestrud & Julian, P.A.**
400 West Capitol Avenue, Suite 2840
Little Rock, AR 72201
(501) 372-5800 Telephone
(501) 372-4941 Facsimile

BY: _____
Denise Reid Hoggard, ABN: 84072
Nick Rogers, ABN 2007201

*Attorneys for Fred Weatherspoon, Plaintiff*

# DISMISSAL AND NOTICE OF RIGHTS

To: **Frederick O. Weatherspoon**
**5220 Highway 19 South**
**Magnolia, AR 71753**

From: **Little Rock Area Office**
**820 Louisiana**
**Suite 200**
**Little Rock, AR 72201**

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 493-2007-02094 | Rita Barnes, Enforcement Supervisor | (501) 324-5552 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Wanda Milton/RB*

**Wanda C. Milton,**
**Area Office Director**

APR 3 0 2008

*(Date Mailed)*

Enclosures(s)

cc: **George E. Herts**
**UNIVERSITY OF AR AT PINE BLUFF**
**1200 North University Drive**
**Mail Slot 4803**
**Pine Bluff, AR 71601**

EXHIBIT A