IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

FRED WEATHERSPOON                                                        PLAINTIFF

v.                              No. 4:08-cv-635-DPM

UNIVERSITY OF ARKANSAS BOARD OF
TRUSTEES; DR. LAWRENCE A. DAVIS, JR.,
individually and in his official capacity as
Chancellor of the University of Arkansas at
Pine Bluff; ELBERT BENNETT, individually
and in his official capacity as Vice-Chancellor
of the University of Arkansas at Pine Bluff;
and B. ALAN SUGG, in his official capacity as
President of the University of Arkansas                                  DEFENDANTS

ORDER

1. "It is just as important that there should be a place to end as that there should be a place to begin litigation." *Stoll v. Gottlieb*, 305 U.S. 165, 172 (1938). Weatherspoon moves to vacate the Court's March 2011 judgment based on alleged recent statements by Defendant Bennett. Weatherspoon says that, about eight weeks ago, Bennett told him that he testified falsely about Weatherspoon's alleged insubordination because Bennett feared losing his job. Bennett admits he spoke with Weatherspoon after church one day, but he denies ever saying that he did not tell the truth in this lawsuit.

Weatherspoon moves under subdivisions (2), (3), and (6) of Rule 60(b). To prevail on his Rule 60(b)(2) motion based on the new evidence, Weatherspoon "must show (1) that the evidence was discovered after the court's order, (2) that [he] exercised diligence to obtain the evidence before entry of the order, (3) that the evidence is not merely cumulative or impeaching, (4) that the evidence is material, and (5) that the evidence would probably have produced a different result." *Miller v. Baker Implement Co.*, 439 F.3d 407, 414 (8th Cir. 2006). Under Rule 60(b)(3), Weatherspoon must show by clear and convincing evidence that the University Defendants engaged in a fraud or misrepresentation that prevented Weatherspoon from fully and fairly presenting his case. *Murphy v. Missouri Department of Corrections*, 506 F.3d 1111, 1117 (8th Cir. 2007). And relief under Rule 60(b)(6) is available only if exceptional circumstances denied Weatherspoon a full and fair chance to litigate his claim *and* prevented him from receiving adequate redress. *Ibid.*

2. Weatherspoon's motion is timely. In its December 2010 Order, the Court granted summary judgment on Weatherspoon's Title VII claims for gender discrimination and retaliation and allowed Weatherspoon a fourth amendment to assert a due-process claim. In March 2011, the Court granted

-2-

summary judgment on that claim and entered judgment. The Court could have revisited its December 2011 Order until the entry of final judgment in March 2011. So Weatherspoon's March 2012 motion is timely.

3. Weatherspoon has not carried his burden. This case does not present the type of extraordinary circumstances required under Rule 60(b)(6). And the conflicting affidavits—both from interested parties—do not show clear and convincing evidence of fraud or misrepresentation. FED. R. CIV. P. 60(b)(3); *Murphy*, 506 F.3d at 1117. That leaves only Weatherspoon's reuest for relief under Rule 60(b)(2).

Weatherspoon argues that Bennett's alleged lying might have changed the outcome of his gender-discrimination claim. If Bennett was lying about the insubordination, Weatherspoon says, then Weatherspoon might be similarly situated to the alleged female comparators after all. *Cf. Document No. 85, at 15–16*. But Weatherspoon was still accused of insubordination; his female comparators were not. And Bennett was not the only accuser: Chancellor Davis also said that Weatherspoon was insubordinate.

The alleged new evidence, moreover, does not create circumstances suggesting pretext for discrimination. It is not enough for Weatherspoon to

call into question the accuracy or truth of the Defendants' reason for firing him. *Dixon v. Pulaski County Special School District*, 578 F.3d 862, 869–70 (8th Cir. 2009), *abrogated in immaterial part by Torgerson v. City of Rochester*, 643 F.3d 1031 (8th Cir. 2011). "'[P]retext' . . . often must be read as shorthand for indicating that a defendant's proffered discriminatory explanation for adverse employment action is a pretext *for unlawful discrimination*, not that it is merely false in some way." *Strate v. Midwest Bankcentre, Inc.*, 398 F.3d 1011, 1017 (8th Cir. 2005) (emphasis original). Weatherspoon's alleged new evidence might make it more likely that the University's proffered reason for firing him was false, but it does not make it any more likely that the reason was actually pretext for gender discrimination. The Court cannot conclude that this evidence would have produced a different result. *Miller*, 439 F.3d at 414.

4. Weatherspoon candidly acknowledges that he has not yet carried his Rule 60 burden. Instead, he asks the Court to give him "the opportunity to fully discover the extent and degree to which Bennett's testimony differs from what he gave during the pendency of the matter" so he may "meet [his] burden of showing clear and convincing evidence that he is entitled to relief[.]" *Document No. 115, at 2*. In light of Bennett's affidavit, however, it

seems unlikely that additional discovery would show any difference at all between his current and former testimony: Bennett swears that he told the truth during this case and that he never told Weatherspoon otherwise. The proposed discovery would be futile.

Motion to vacate judgment, *Document No. 115*, denied.

So Ordered.

                                      */s/ W.P. Marshall Jr.*
                                      D.P. Marshall Jr.
                                      United States District Judge

                                      4 May 2012